O

# United States District Court
# Central District of California

| | |
|---|---|
| J.D. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC.; CLEAR RECON CORP.; and DOES 1–25, inclusive,<br><br>        Defendants. | Case № 2:17-CV-06861-ODW (SSx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [24]; DENYING INTERVENOR'S MOTION TO EXPUNGE LIS PENDENS [23]** |

## I. INTRODUCTION

Before the Court are (1) Defendant CitiMortgage, Inc.'s Motion to Dismiss Plaintiff J.D. Davis' First Amended Complaint ("FAC") (Mot. to Dismiss ("MTD"), ECF No. 24), and (2) Intervenor Wilshire Investment Group, LLC's ("Wilshire") Motion to Expunge Lis Pendens and Claim for Attorney Fees and Costs. (Mot. to Expunge ("MTE"), ECF No. 23.) For the reasons below, the Court **GRANTS IN PART** CitiMortgage's Motion to Dismiss and **DENIES WITHOUT PREJUDICE** Wilshire's Motion to Expunge Lis Pendens.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff's claims arise from a home mortgage loan secured against a property in Los Angeles, California (the "Property"). (First Am. Compl. ("FAC") 3, ECF No. 12.) Plaintiff obtained the mortgage loan from Coast 2 Coast Funding Group, Inc. on June 16, 2009. (*Id.* at 8.) Plaintiff defaulted on the loan in, or around, January 2010. (*Id.* at 9.) CitiMortgage subsequently acquired the loan in, or around, April 2010. (*Id.* at 9–10.) Clear Recon Corp., acting as trustee under the deed of trust, executed and subsequently recorded a Notice of Default on March 7, 2017. (*Id.* at 11.) On June 19, 2017, Clear Recon executed and recorded a Notice of Trustee's sale. (*Id.* at 12.) The Property was sold at a trustee's sale on August 3, 2017. (*Id.* at 11–12.) Wilshire purchased the Property at the trustee's sale. (Decl. of Keith Abrahams ("Abrahams Decl.") Ex. A, ECF No. 23-1.)

Plaintiff initiated this case in Los Angeles County Superior Court on August 11, 2017, against CitiMortgage and Clear Recon Corp., alleging claims for (1) violation of section 1692f(b) of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of section 1692 of the FDCPA; (3) wrongful foreclosure; (4) violation of California Civil Code section 2934a; (5) violation of California Commercial Code section 3118; (6) cancellation of instruments; (7) negligent misrepresentation; and (8) violation of California Business and Professions Code section 17200 ("UCL"). (*See generally* FAC; ECF No. 1-1.) CitiMortgage removed the case on September 18, 2017. (ECF No. 1.) Clear Recon has not appeared in this action, and Plaintiff has not submitted any evidence that Clear Recon has been served. The Court granted Wilshire's application to intervene in this action on November 15, 2017. (ECF No. 22.)

## III. LEGAL STANDARD

### A. Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint ... as true and ... in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, for a pro se plaintiff, like Davis, the complaint is to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir.2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied ... if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.2011).

**B.     Motion to Expunge**

The California statutory lis pendens scheme extends to the federal district courts. Cal. Civ. Proc. Code § 405.5; *The Formula, Inc. v. Superior Court,* 168 Cal.

App. 4th 1455, 1463 n.9 (2008). Thus, "[f]ederal courts look to state law regarding matters pertaining to lis pendens." *Balagapo v. GMAC Mortg., LLC*, No. 2:09-cv-00405-JAM-GGH, 2010 WL 144108, at *1 (E.D. Cal. Jan. 8, 2010) (citing 28 U.S.C. § 1964). Courts in this district apply California law when ruling on a motion to expunge a lis pendens. *Ritchie v. Cmty. Lending Corp.*, No. CV 09-02484 DDP (JWJx), 2009 WL 2486575, at *2–3 (C.D. Cal. Aug. 12, 2009) (applying California law in expunging lis pendens); *Balagapo*, 2010 WL 144108, at *1–2 (same).

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting right or title to possession of the real property described in the notice." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004). Under California law, a lis pendens may be expunged on either of two grounds: (1) the pleading on which the lis pendens is based does not contain a real property claim, or (2) the party who recorded the lis pendens has not shown a probable validity of the claim by a preponderance of the evidence. Cal. Civ. Proc. Code §§ 405.31, 405.32; *Justo v. Indymac Bancorp*, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *11 (C.D. Cal. Feb. 19, 2010); *Hunting World, Inc. v. Superior Court of San Francisco*, Cal. App. 4th 67, 70-71 (1994). "[A]ny party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30.

Because the lis pendens procedure contains a potential for abuse, a claimant must prove that a lis pendens was filed in good faith and without ulterior motives and that the claimant is likely to prevail on the merits of a real property claim. *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1012 (2007). The court must award attorneys' fees and costs to the party prevailing on a motion to expunge a lis pendens "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38.

## IV. DISCUSSION

**A. CitiMortgage's Motion to Dismiss**

CitiMortgage moves to dismiss Plaintiff's FAC, arguing that Plaintiff's claims are based on the faulty legal theory that CitiMortgage was not entitled to enforce the security interest in the Property. The Court will address each of the arguments against Plaintiff's various causes of action in turn.

*1. FDCPA*

Plaintiff alleges that Defendants violated the FDCPA through their foreclosure activities on the Property. CitiMortgage argues that Plaintiff's FDCPA claims must fail, because the FDCPA does not apply to foreclosure activities.

While certain sections of the FDCPA do not apply to foreclosure activities, there can be no question that section 1692f(6) applies. That section provides that a violation occurs by "[t]aking or threatening to take any nonjudicial action to effect dispossession of disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." As Plaintiff correctly points out in his opposition, the Ninth Circuit has held that for purposes of section 1692f(6), a debt collector includes "a person enforcing a security interest." *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 971 (9th Cir. 2017). Therefore, section 1692f(6) could, in theory, apply to Defendants' actions involving the foreclosure.

CitiMortgage also argues, however, that even if section 1692f(6) applies to foreclosure activities, Plaintiff fails to sufficiently state a claim that Defendants did not have a legal right to possession of the Property. (Reply 2–3, ECF No. 27.) The Court agrees. Plaintiff attaches to the FAC a number of documents, including the original loan documents and the subsequent assignments and substitutions. (FAC Exs. A, B, D.) Nothing on the face of those documents indicates that they are invalid or unenforceable. In the FAC, Plaintiff merely alleges that the assignment of the Deed of Trust is "void" without alleging any facts to support why the assignment is not valid.

Such conclusory allegations will not survive a motion to dismiss. *See Golden State Warriors*, 266 F.3d at 988.

For these reasons, the Court **GRANTS** CitiMortgage's Motion to Dismiss with regard to Plaintiff's FDCPA claims. The Court **GRANTS** Plaintiff leave to amend the FAC to cure the deficiencies described above with regard to his cause of action under section 1692f(6). The Court **DENIES** Plaintiff leave to amend regarding the remainder of his FDCPA claims.

### 2. *California Commercial Code Section 3118*

Plaintiff alleges that Defendants violated California Commercial Code § 3118 by attempting to collect a debt more than six years after it was due. (FAC 12.) Section 3118, however, is a statute of limitations for actions to enforce promissory notes, and does not limit the time period within which a party must enforce a Deed of Trust through non-judicial foreclosure. The relevant statute on this issue is California Civil Code § 882.020(a)(1)–(2), which provides that a security instrument is enforceable up to ten years after the date of maturity or, if that is not ascertainable, then sixty years after the date the instrument was recorded. There can be no dispute that these time periods have not run.[2] Therefore, the Court **GRANTS** CitiMortgage's Motion to Dismiss Plaintiff's cause of action under California Commercial Code Section 3118 without leave to amend.

### 3. *Wrongful Foreclosure, California Civil Code Section 2934a, Cancellation of Instruments, and Negligent Misrepresentation*

Plaintiff's third, fourth, sixth, and seventh causes of action are each premised on the theory that the assignment of the Deed of Trust is void and that Defendants were not entitled to threaten or initiate foreclosure proceedings on the Property. CitiMortgage argues that Plaintiff lacks standing to challenge the assignment of the Deed of Trust because he was not a party to that contract. (MTD 7 (citing *Gantman v.*

---

[2] It was less than ten years between the date Plaintiff entered into the mortgage agreement and the date of the sale. (FAC 8, 11–12.)

*United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (1991)).) The Court disagrees. As Plaintiff correctly asserts, a borrower can have standing to sue for wrongful foreclosure on the grounds that assignment of a note and deed of trust was void. *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 935 (2016).

CitiMortgage also argues that Plaintiff has not stated a claim because he provides no factual allegations to support his conclusion that the assignment is void. For the same reason as discussed in Section (A)(1) above, the Court finds that Plaintiff has not sufficiently alleged that the assignment of the Deed of Trust is void nor that Defendants did not have a possessory right to the Property. Therefore, the Court **GRANTS** CitiMortgage's Motion to Dismiss on this ground, but also **GRANTS** Plaintiff leave to amend the FAC to address the deficiencies.

*4. UCL*

Plaintiff's UCL claim is predicated on his other allegations regarding Defendants' foreclosure activities. To state a valid claim under the UCL, Plaintiff must allege that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice." *Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 351 (2004). Because the Court finds that Plaintiff has not sufficiently stated a claim regarding the underlying violations related to the foreclosure activities, Plaintiff's UCL claim necessarily fails as well. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190–91 (N.D. Cal. 2009). Therefore, the Court **GRANTS** CitiMortgage's Motion to Dismiss Plaintiff's UCL claim, with leave to amend.

**B. Wilshire's Motion to Expunge Lis Pendens**

Wilshire argues that the Court should expunge the notice of lis pendens because Plaintiff has not established, by a preponderance of the evidence, the probable validity of his real property claim. (MTE 5.) Here, although the Court is dismissing virtually all of Plaintiff's claims, it is doing so mostly with leave to amend. Because the Court will be able to better determine the "probable validity" of Plaintiff's real property claim after reviewing his amended complaint, the Court declines to expunge the lis

pendens at this time. The Court is mindful, however, of the possibility that Wilshire may be prejudiced if the lis pendens is not timely expunged. Therefore, Plaintiff shall file an amended complaint within fifteen (15) days from the date of this order. If Plaintiff fails to file an amended complaint, the recorded lis pendens will be expunged.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** CitiMortgage's Motion to Dismiss. (ECF No. 24.) The Court also **GRANTS** Plaintiff leave to amend his complaint consistent with this Order. Should Plaintiff choose to file an amended complaint, he must do so no later than **February 16, 2018**. Failure to timely file an amended complaint may result in dismissal of this action and an order expunging the lis pendens. Additionally, the Court **DENIES** Wilshire's Motion to Expunge Lis Pendens without prejudice. (ECF No. 23.)

**IT IS SO ORDERED.**

February 1, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**