O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| J.D. DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>CITIMORTGAGE, INC.; CLEAR RECON CORP.; and DOES 1–25, inclusive,<br><br>            Defendants. | Case № 2:17-CV-06861-ODW (SSx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [36] AND GRANTING INTERVENOR'S MOTION TO EXPUNGE LIS PENDENS [35]** |

## I. INTRODUCTION

Before the Court are (1) Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Plaintiff J.D. Davis's Second Amended Complaint ("SAC") (Mot. to Dismiss ("MTD"), ECF No. 36), and (2) Intervenor Wilshire Investment Group, LLC's ("Wilshire") Motion to Expunge Lis Pendens and Claim for Attorney Fees and Costs. (Mot. to Expunge ("MTE"), ECF No. 35.) For the reasons below, the Court **GRANTS** CitiMortgage's Motion to Dismiss and **GRANTS** Wilshire's Motion to Expunge Lis Pendens.[1]

---

[1] After considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff's claims arise from a home mortgage loan secured against a property in Los Angeles, California (the "Property"). (Second Amended Complaint ("SAC"), ECF No. 33.) Plaintiff obtained the mortgage loan from Coast 2 Coast Funding Group, Inc. on June 16, 2009. (*Id.* at 9.) Plaintiff defaulted on the loan in, or around, January 2010. (*Id.* at 9.) CitiMortgage subsequently acquired the loan in, or around, April 2010. (*Id.* at 10.) Clear Recon Corporation ("Clear Recon"), acting as trustee under the deed of trust, executed and subsequently recorded a Notice of Default on the loan on March 7, 2017. (*Id.* at 12.) On June 19, 2017, Clear Recon executed and recorded a Notice of Trustee's sale. (*Id.* at 12.) The Property was sold at a trustee's sale on August 3, 2017. (*Id.* at 12.) Wilshire purchased the Property at the trustee's sale. (Trustee's Deed Upon Sale ("TDUS"), Ex. H, ECF No. 33.)

Plaintiff initiated this case against CitiMortgage and Clear Recon in Los Angeles County Superior Court on August 11, 2017. (*See* Not. Removal, Ex. A, ECF No. 1-1.) CitiMortgage removed the case to this Court on September 18, 2017. (Not. Removal.) On September 25, 2017, CitiMortgage moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). (ECF No. 10.) In response, on October 18, 2017, Plaintiff filed a First Amended Complaint ("FAC"). (FAC, ECF No. 12.) CitiMortgage moved to dismiss again (ECF No. 24), and on February 1, 2018, the Court granted the motion. (Order, ECF No. 32.) The Court granted the Motion as to each cause of action but permitted Plaintiff leave to amend as to all claims except the cause of action brought under section 3118 of the California Commercial Code. (Order 6.) On February 16, 2018, Plaintiff filed the Second Amended Complaint ("SAC"), alleging claims for (1) violation of section 1692f(b) of the Fair Debt Collection Practices Act ("FDCPA"); (2) wrongful foreclosure; (3) violation of California Civil Code section 2934a; (4) cancellation of instruments; (5) negligent misrepresentation; and (6) violation of California Business and Professions Code section 17200 ("UCL"). (*See generally* SAC.)

Clear Recon has not appeared in this action, and Plaintiff has not submitted any evidence that Clear Recon has been served. The Court granted Wilshire's application to intervene in this action on November 15, 2017. (ECF No. 22.) CitiMortgage now moves to dismiss Plaintiff's SAC in its entirety (*see* MTD), and Wilshire moves to expunge lis pendens. (*See* MTE.)

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, for a pro se plaintiff, the complaint is to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.2011).

**B.     Motion to Expunge**

The California statutory lis pendens scheme extends to the federal district courts. Cal. Civ. Proc. Code § 405.5; *Formula, Inc. v. Superior Court*, 168 Cal. App. 4th 1455, 1463 n.9 (2008). Thus, "[f]ederal courts look to state law regarding matters pertaining to lis pendens." *Balagapo v. GMAC Mortg., LLC*, No. 2:09-cv-00405-JAM-GGH, 2010 WL 144108, at *1 (E.D. Cal. Jan. 8, 2010) (citing 28 U.S.C. § 1964). Courts in this district apply California law when ruling on a motion to expunge a lis pendens. *Ritchie v. Cmty. Lending Corp.*, No. CV 09-02484 DDP (JWJx), 2009 WL 2486575, at *2–3 (C.D. Cal. Aug. 12, 2009) (applying California law in expunging lis pendens); *Balagapo*, 2010 WL 144108, at *1–2 (same).

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting right or title to possession of the real property described in the notice." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004). Under California law, a lis pendens may be expunged on either of two grounds: (1) the pleading on which the lis pendens is based does not contain a real property claim, or (2) the party who recorded the lis pendens has not shown a probable validity of the claim by a preponderance of the evidence. Cal. Civ. Proc. Code §§ 405.31–32; *Justo v. Indymac Bancorp*, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *11 (C.D. Cal. Feb. 19, 2010); *Hunting World, Inc. v. Superior Court of San Francisco*, 22 Cal. App. 4th 67, 70-71 (1994). "[A]ny party, or any nonparty with an interest in the real property

affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30.

Because the lis pendens procedure contains a potential for abuse, a claimant must prove that a lis pendens was filed in good faith and without ulterior motives and that the claimant is likely to prevail on the merits of a real property claim. *Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1012 (2007). The Court must award attorneys' fees and costs to the party prevailing on a motion to expunge a lis pendens "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38.

## IV. DISCUSSION

### A. CitiMortgage's Motion to Dismiss

CitiMortgage moves to dismiss Plaintiff's SAC, arguing that Plaintiff's claims are based on the faulty legal theory that CitiMortgage was not entitled to enforce the security interest in the Property. The Court will address each argument against Plaintiff's various causes of action in turn.

#### *1. FDCPA, Wrongful Foreclosure, Violation of Civil Code Section 2934a, Cancellation of Instruments, and Negligent Misrepresentation*

Plaintiff alleges Claims 1–5 against Defendants are premised on the theory that the assignment of the Deed of Trust is void. (MTD 6–9.) CitiMortgage argues that these first five causes of action must fail because Plaintiff fails to allege any facts to support these claims. (*See* SAC ¶¶ 8, 24, 36, 41, 47.)

In ruling on a motion to dismiss, a court need not blindly accept a legal conclusion couched as a factual allegation. *Golden State Warriors*, 266 F.3d at 988. In its prior Order, the Court concluded, "Plaintiff merely alleges that the assignment of the Deed of Trust is 'void' without alleging any facts to support why the assignment is not valid. Such conclusory allegations will not survive a motion to dismiss." (Order 5–6.)

In his opinion, with regard to the FDCPA claim, Plaintiff argues that CitiMortgage was a "debt collector" and, therefore, subject to § 1692f(6). 15 U.S.C. § 1692f(6); (Opp'n 5–9, ECF No. 37.) Whether CitiMortgage was a "debt collector" under § 1693f(6) only establishes whether the statute applies to CitiMortgage, but it does not address the issue of establishing the assignment as void. Even if CitiMortgage were a "debt collector" subject to § 1692f(6), the provision is violated only if "there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ." 15 U.S.C. § 1692f(6)(A).

Just as in his prior complaints, Plaintiff's SAC does not provide any additional facts that could support his allegation that the assignment was void. (*See generally* SAC.) Nor does Plaintiff's opposition explain how the SAC supports his contention that the assignment was somehow void or state any facts he could allege to cure such defect. (*See generally* Opp'n.) As previously stated by the Court, "[n]othing on the face of those documents indicates that they are invalid or unenforceable." (Order 5; *see also* SAC, Ex. B.) Instead of addressing the Court's concerns with his FAC, Plaintiffs again alleges that the assignment is void for similar reasons as stated in his FAC. (Opp'n 5–12.) Neither Plaintiff's SAC nor his Opposition allege additional facts that would render the assignment void. Concluding that multiple recorded documents are "void" without alleging any additional facts to support this conclusion will not survive a motion to dismiss. (*See* SAC, Exs. A, B, D); *Golden State Warriors*, 266 F.3d at 988. Thus, Plaintiff cannot establish any of his first five causes of action, as they are all premised on the theory that CitiMortgage lacked legal authority to foreclose on the Property because the assignment of the Deed of Trust in favor of CitiMortgage was invalid.

*2. UCL*

Plaintiff's claim for unfair business practices in violation of the UCL is predicated on his other allegations regarding Defendants' foreclosure activities. To state a valid claim under the UCL, Plaintiff must allege that Defendants engaged in an

"unlawful, unfair or fraudulent business act or practice." *Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 351 (2004). A violation of the unlawful prong requires an underlying violation of the law. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). An alleged unfair practice must be tethered to a specific "constitutional, statutory, or regulatory provision." *Scripps Clinic v. Super Ct.*, 108 Cal App. 4th 917, 940 (2003) (citations omitted). A claim under the fraudulent prong must establish that reasonable members of the public are likely to be deceived. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Plaintiff must also "state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal App. 4th 612, 619 (1993).

As discussed in the previous section, Plaintiff has not sufficiently stated a claim for the underlying violations related to the foreclosure activities and, therefore, Plaintiff's UCL claim necessarily fails as well. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190–91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL."). Therefore, Plaintiff's UCL claim is inadequately pleaded.

    *3.    Leave to Amend*

CitiMortgage seeks dismissal without leave to amend on grounds that the SAC represents Plaintiff's third failed attempt at stating a federal claim for relief. (Mot. 9; *see* Compl., ECF No. 1; FAC; SAC.) Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." However, when determining whether to dismiss a case without leave to amend, the Court should consider several factors. *In re Syncor Intern. Corp. Sec. Litig.*, 327 F. Supp. 2d 1149, 1174 (C.D. Cal. 2004) *rev'd in part on other grounds*, 239 Fed. Appx. 318 (9th Cir. 2007). District courts maintain the discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the decision of whether to grant leave to amend is within the discretion of the Court, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion . . . ." *Id.*

In this case, Plaintiff has once again failed to allege facts supporting that CitiMortgage lacked legal authority to foreclose on the Property because the assignment of the Deed of Trust in favor of CitiMortgage was invalid. In granting the first motion to dismiss, the Court informed Plaintiff that his FAC was deficient because Plaintiff failed to allege any facts to support why the assignment of the Deed of Trust is void. (Mot. 5–6.) Plaintiff responded with his SAC, which contains additional legal arguments, but still fails to allege any facts to support why the assignment was not valid. "Repeated failure to cure deficiencies by previous amendments is an appropriate basis for dismissing the action with prejudice." *In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057, 1062 (C.D. Cal. 1991) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)). Plaintiff had ample opportunity to cure the deficiencies to his three complaints and failed to do so. Therefore, the Court is persuaded that further attempts to amend would prove similarly futile.

For these reasons, the Court **GRANTS** CitiMortgage's Motion to Dismiss with regard to all claims **without leave to amend**. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend need not be granted when amendment would be futile).

**B.     Wilshire's Motion to Expunge Lis Pendens**

Wilshire moves to expunge lis pendens, arguing that Plaintiff has not established, by a preponderance of the evidence, the probable validity of his real property claim. (MTE 6–11.) In addition, Wilshire moves to claim reasonable

attorney fees and costs. (MTE 11–12.) The Court will address both applications in turn.

   *1. Motion to Expunge Lis Pendens*

California Code of Civil Procedure ("CCP") provides that a "court shall order that the notice [of lis pendens] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." § 405.32. "Probable validity" of a claim means that it is more likely than not that the claimant will obtain a judgment against the Defendant on the claim. CCP § 405.3; *see, e.g.*, *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir. 1995). It is Plaintiff's burden to establish probable validity. CCP § 405.32.

Wilshire moves to expunge the lis pendens in light of the fact that Plaintiff still has yet to cure the original deficiencies in each cause of action in the underlying action, and without notice of any deficiencies in the foreclosure process, Plaintiff cannot prove by a preponderance of the evidence that his claim has probable validity. (*See generally* SAC; MTE 6–11.) The Court agrees. As discussed in the prior section, the Court has dismissed all claims without leave to amend for failure to state a claim. Therefore, Plaintiff fails to meet his burden to show by a preponderance of the evidence that his claims have "probable validity" for the purposes of the instant motion. *See* CCP § 405.3; *see also Howard S. Wright Constr. Co. v. Superior Court*, 106 Cal. App. 4th 314, 319 (2003) ("A notice of lis pendens may be expunged if the trial court finds that the plaintiff-claimant 'has not established by a preponderance of the evidence the probable validity of the real property claim.'"). Plaintiff has failed to demonstrate by a preponderance of the evidence the probable validity of the real property claim.

Therefore, the Court **GRANTS** Wilshire's Motion and **EXPUNGES** the notice of lis pendens.

### 2. Attorney Fees and Costs

Wilshire also requests $11,092.00 in attorney fees and costs for 37.6 hours of work performed. (MTE 12.) Wilshire requests fees and costs pursuant to CCP § 405.38, which provides the "party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

In support of this request, Tiffany D. Truong ("Truong"), counsel for Wilshire, has submitted a declaration in which she testifies that her normal hourly billing rate is $295.00 per hour. (Declaration of Tiffany D. Truong ("Truong Decl.") ¶ 2, ECF No. 35-2.) In light of the Court's familiarity with the hourly rates of like attorneys in this area, the Court finds these rates reasonable.

Truong further testifies that at the time the MTE was prepared, she had spent 34.6 hours to prepare the first Motion to Expunge Lis Pendens (ECF No. 23), the current Motion to Expunge Lis Pendens, the related declaration, notices, and other related documents. (Truong Decl. ¶ 2.) The Court takes issue with the number of hours spent on these two motions. In light of the relative simplicity of the motions—and their similarity to one another—the Court finds 34.6 hours to be unreasonable. *See Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1021-22 (C.D. Cal. 2009) (holding that 5.5 hours was reasonable for preparing a motion to expunge lis pendens, supporting declarations, and a request for judicial notice); *Pearson v. Nationstar Mortgage, LLC*, No. 5:16-cv-01079-CAS (AJWx), 2017 WL 6453289 at *2 (C.D. Cal. Dec. 14, 2017) (reducing a request of five hours to prepare a motion to expunge lis pendes to only four hours).

Truong also estimates spending three hours appearing at the April 2, 2018 hearing on this Motion. (*Id*.) However, because the Court took this matter under submission, no hearing was held. (ECF No. 39.) Therefore, it would be unreasonable for the Court to award Truong for those three hours.

Therefore, the Court awards Wilshire $3,245 (11 hours x $295/hour) in attorney fees and costs for eleven hours of work performed.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** CitiMortgage's Motion to Dismiss **WITH PREJUDICE**. (ECF No. 36.) Additionally, the Court **GRANTS** Wilshire's Motion to Expunge Lis Pendens. (ECF No. 35.) The Court will issue a judgment. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

April 4, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**